UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDY NG

                              Plaintiffs,

   v.                                                  Civil Action No. _____

CONTINENTAL SERVICE GROUP, INC.
UNIVERSITY OF ROCHESTER,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant Continental Service Group, Inc.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff also seeks a declaratory judgment or order declaring that an alleged debt of his to the University of Rochester has been fully satisfied, discharged and paid in full. He brings this action under state common law, and under the Declaratory Judgment Act, 28 U.S.C.§2201.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C.§2201, and 28 U.S.C. § 1331.

4. Supplementary jurisdiction exists for Plaintiff's claims under state law pursuant to 28 U.S.C.§1367.

5. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

6. Plaintiff Andy Ng, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant Continental Service Group, Inc. (hereinafter "Continental") is a corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant University of Rochester is a private university organized and existing under the laws of the State of New York.

9. The acts of the Defendants, and each of them, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. Continental regularly attempts to collect debts alleged to be due another.

11. All references to either defendant herein shall mean the said defendant or an employee of said defendant.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff Andy Ng incurred a tuition debt to the University of Rochester. This debt will be referred to as the "subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. That Plaintiff defaulted on the subject debt.

15. That on or about July 12, 2010, Plaintiff paid the University of Rochester $18,721.86. Prior to such payment being made, the University of Rochester agreed with Plaintiff that payment of $18,721.86 would fully satisfy and pay off the subject debt.

16. Upon receipt by the University of Rochester of the aforementioned $18,721.86, there was an accord and satisfaction, and the subject debt was fully paid and extinguished.

17. That the Defendant was employed by the University of Rochester to attempt to collect the subject debt approximately one week prior to the aforementioned payment being made by Plaintiff.

18. That shortly after making the aforementioned payment to the University of Rochester, the Plaintiff informed the Defendant orally and in writing of the fact that the subject debt had been fully satisfied, and provided said Defendant with written documentation establishing that fact.

19. That an employee of the University of Rochester informed the Defendant that the debt had been fully satisfied and requested that they cease collection of the subject debt.

20. That notwithstanding the foregoing, the Defendant mailed Plaintiff a letter on August 30, 2010 falsely representing that $5,085.43 remained due and owing on the subject debt.

21. Plaintiff is under a reasonable apprehension that he will be sued or that administrative wage garnishment proceedings will be brought against him by the University of Rochester or their agents to seek to collect the alleged subject debt.

22. As a result, an actual controversy exists between Plaintiff and the University of Rochester concerning whether the alleged subject debt is owed.

23. The University of Rochester has employed severe measures in an attempt to collect the subject debt from Plaintiff, including but not limited to denying him access to his college transcripts and refusing to allow him to register for further classes at the University of Rochester.

24. That as a result of Defendants acts, Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

### V. FIRST CAUSE OF ACTION

25. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Continental as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692f, and 15 U.S.C. §1692f(2) by falsely representing in their August 30, 2010 letter to the Plaintiff that he owed $5,083.43 on the subject debt.

27. That as a result of Continental's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

### VI. SECOND CAUSE OF ACTION

28. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

29. Plaintiff seeks a declaration that the subject debt is fully paid and satisfied under New York state law.

## VII. SECOND CAUSE OF ACTION

30. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

31. Plaintiff seeks a declaration that the subject debt is fully paid and satisfied under the Declaratory Judgment Act, 28 U.S.C. §2201.

## VIII. THIRD CAUSE OF ACTION

32. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

33. Plaintiff does not have an adequate remedy at law to prevent the harm caused by the University of Rochester's actions as described in this complaint.

34. Plaintiff is and will continue to suffer irreparable harm as a result of the University of Rochester's incorrect and improper claim that he continues to owe the subject debt.

**WHEREFORE**, Plaintiff respectfully requests that judgment and/or order be entered

A. Against the Defendant Continental for:

   (i)    Actual damages;

   (ii)   Statutory damages pursuant to 15 U.S.C. §1692k.

   (iii)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (iv)   For such other and further relief as may be just and proper.

B. Declaring that the debt allegedly owed by the Plaintiff to the University of Rochester has been satisfied and paid in full.

C. Permanently enjoining the Defendants from taking any further action to collect Plaintiff's alleged tuition obligation, including but not limited to preventing him from registering for classes at the University of Rochester, reporting to credit bureaus or the State of New York that he is delinquent in the payment of his tuition, and/or refusing to provide him with copies of his college transcripts.

## VII. JURY DEMAND

4

Please take notice that Plaintiff demands trial by jury in this action.

Dated: November 17, 2010

    /s/ Kenneth R. Hiller  _____
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       sandrews@kennethhiller.com